

# Ronai & Ronai, LLP
### Attorneys at Law

The Ronai Building
34 Adee Street, Port Chester, New York 10573
Telephone (914) 824-4777

Manhattan Office:
45 Rockefeller Plaza, Suite 2000
New York, NY 10111
Telephone (212) 268-4777

December 24, 2025

**VIA ECF**
Honorable Judge John G. Koeltl
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007



**MEMO ENDORSED**

> Re:    Acosta Flores v. StudioLAB, LLC et al.
>        Case No.: 24-cv-06345-JGK

Your Honor:

We represent Plaintiff Alvaro Rolando Acosta Flores in the above referenced action and submit this letter motion requesting a forty five (45) day extension of the current deadline for all discovery in this matter, currently December 24, 2025, for an Order compelling non-party real estate companies Sotheby's International Realty, Douglas Elliman Real Estate, Compass Real Estate, and Nestseekers International's responses to plaintiff's previously served subpoenas for documents and information related to all rental and sales listings for the subject premises owned by defendant Ruth Miller, and for a conditional order holding said non-party real estate companies in contempt for failing to provide responses to the previously served subpoenas, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i).

I have conferred with defendants' counsel. Defendant/Third-Party Plaintiff Slab Builders, LLC consents to our request and defendants Ruth Miller and StudioLab LLC have taken no position.

On November 13, 2025, plaintiff served on all parties Notices of Subpoenas To Produce Documents, Information, Or Objects Or To Permit Inspection of Premises in a Civil Action, which included copies of Subpoenas addressed to the following non-party real estate agencies: Sotheby's International Realty, Douglas Elliman Real Estate, The Cocoran Group, Compass Real Estate, and Nestseekers International.[1]

Thereafter, the subpoenas were personally served on the non-parties as follows: Sotheby's International Realty, on November 14, 2025, Douglas Elliman Real Estate, on November 17, 2025, The Cocoran Group, on November 14, 2025, Compass Real Estate, on November 14, 2025, and

---

[1] See subpoenas, annexed hereto as Exhibit "A."

Nestseekers International, on November 18, 2025. The subpoenas commanded that the non-party real estate companies produce "any and all documents and/or electronically stored information pertaining to rental and/or sales listings for the property located at 234 Meadows West, Bridgehampton, NY 11932, from June 13, 2014 to Present" and set a return date for production as December 3, 2025.

The subpoenas seek necessary and vital information solely within the custody of these non-party real estate companies. Specifically, publicly available information indicates that defendant Ruth Miller engaged these non-party real estate companies to act as her agents for rental and/or sale of the subject premises prior to the date of plaintiff's incident. This information is in direct contrast to Ms. Miller's previously sworn deposition testimony. The documents within these non-party companies' possession directly impacts the liability claims against and the defenses of defendant Ruth Miller.

While non-party The Corcoran Group timely produced documents responsive to our subpoena, Sotheby's International Realty, Douglas Elliman Real Estate, Compass Real Estate, and Nestseekers International have not.

On December 1, 2025, Douglas Elliman Real Estate, by its counsel, Lieb at Law, P.C. served blanket objections refusing to produce any documents responsive to plaintiff's subpoena. Thereafter, during several conversations, counsel acknowledged that Elliman did, in fact, have "transactions" with defendant Miller for the subject property, dating back to 2020, and was in the process of preparing a production. On December 17, 2025, counsel advised me that her client needed an additional thirty days to produce, as the records were "not in native format and not usable."

On December 5, 2025, Compass Real Estate, through its counsel, advised our firm that a search was conducted that revealed no documents. On December 17, 2025, I advised counsel that publicly available documents contradicted her client's response and provided copies of same to her. She then agreed to have her client perform additional searches. To date, despite my attempts, counsel has failed to respond further.

To date, there have been no responses whatsoever from Sotheby's International Realty and Nestseekers International.

"A district court ... must have personal jurisdiction over a nonparty to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014); see also *First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 20 (2d Cir. 1998) (assuming that enforcement of subpoena must "comport with due process" and the "assertion of personal jurisdiction"). Rule 4(e) provides that service of a subpoena is proper "following state law...in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

FRCP 45 permits parties to obtain discovery from non-parties. See, Fed. R. Civ. P. 45. The documents or information requested must be consistent with Rule 26(b). See, *During v. City University of New York*, No. 05 CIV. 6992 (RCC), 2006 WL 2192843 at *2 (S.D.N.Y. Aug. 1,

2

2006) ("Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement.") Under Rule 26(b), parties may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). See, also, *Smith, et. al, v. Guiliani*, 24-mc-0351 (S.D.N.Y. July 14, 2025), where the Court granted petitioner's motion to compel compliance with subpoenas for documents that were relevant and proportional to the needs of the underlying case and warned of potential sanctions for failure to comply with the Order.

Here, the subpoenas were served on each of the non-party real estate companies at the place of business within New York State. As such, the Court has personal jurisdiction over the non-parties to compel their compliance with these valid discovery requests.

Additionally, the subpoenas seek material directly relevant to plaintiff's claims and defenses related to defendant Ruth Miller herein. Specifically, as to liability, defendant Miller has indicated that she intends to argue that she is exempt from liability under New York Labor Law Section 240(1) based on the "homeowners' exemption." This exemption, however, does not apply to properties used for commercial purposes, such as for rental income. Additionally, the subpoenas were narrowly tailored to the specific subject property, a defined time period and clearly seek documents related to rental and sales transactions between defendant Miller and the real estate companies. As such, the subpoenas do not create any undue burden on the non-party companies to provide a substantive response. Further, no non-party company has moved to quash the subpoenas or submitted evidence to demonstrate any undue burden preventing them from responding.

Our request to extend the discovery deadline is necessary to permit us sufficient time to receive substantive responses from the non-party real estate companies prior to the commencement of dispositive motion practice by the parties herein and is crucial evidence which is directly relevant to the arguments that will made therein.

Accordingly, it is respectfully requested that the Court grant the within request and issue an Order extending the discovery deadline for a period of forty five (45) days to February 7, 2026, an Order compelling non-party real estate companies Sotheby's International Realty, Douglas Elliman Real Estate, Compass Real Estate, and Nestseekers International's to respond fully to plaintiff's previously served subpoenas, and for a conditional Order holding said non-party real estate companies in contempt for failing to provide responses to the previously served subpoenas, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), or in the alternative, that the Court issue an Order setting this matter down for a pre-motion conference to address this issue more fully.

Thank you.

Respectfully submitted,

Paul Cordella

3

Cc:     all parties via ECF
        Sotheby's International Realty
         Douglas Elliman Real Estate
        Compass Real Estate
        Nestseekers International

Plaintiff's request at Dkt. Nos. 82 and 83 is
GRANTED.  The fact discovery deadline is
EXTENDED to **Monday, February 9, 2026**.  By
**Tuesday, January 20, 2026**, the parties shall
file a joint letter on the status of the subpoenas.

The Clerk of the Court is respectfully directed to
close Dkt. Nos. 82 and 83.

SO ORDERED  12/29/25

SARAH L. CAVE
United States Magistrate Judge

4