**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**ALVARO ROLANDO ACOSTA FLORES,**

**Plaintiff,**

**- against -**

**STUDIOLAB, LLC, ET AL.,**

**Defendants.**

---

**24-cv-6345 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The plaintiff, Alvaro Rolando Acosta Flores, objects to two non-dispositive discovery orders by Magistrate Judge Cave in this personal injury case, in which the plaintiff alleges that he was seriously injured while performing repairs on a house owned by defendant Ruth Miller ("Ms. Miller"). Ms. Miller has asserted a homeowner's exemption to the plaintiff's New York Labor Law claim, and the plaintiff alleges that the Magistrate Judge erred in limiting discovery that the plaintiff sought with respect to that claim.

First, the plaintiff objects to an order by the Magistrate Judge denying the plaintiff's motion for reconsideration of a prior order limiting discovery that the plaintiff sought from Ms. Miller (the "June 15, 2026 Order"). See ECF Nos. 120, 125. Second, the plaintiff objects to an order by the Magistrate Judge that limited discovery the plaintiff sought by subpoena from Ms. Miller's son, Adam Miller, who is also a real estate broker (the "June 30, 2026 Order"). See ECF Nos. 128, 132. In both instances, the Magistrate Judge limited the discovery to the time periods from April 1, 2020, through September

30, 2020, which surrounded the period during which Ms. Miller had previously rented her property, and from January 1, 2024, through May 15, 2025, which bracketed the June 13, 2024 date of the plaintiff's accident. The plaintiff originally sought documents for the entire period spanning from January 1, 2004, through May 15, 2025. Because the Magistrate Judge did not err in reasonably limiting the plaintiff's discovery requests to Ms. Miller or her son, the plaintiff's objections are **overruled**.

## I.

A magistrate judge's resolution of discovery disputes deserves substantial deference. Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001). A non-dispositive ruling by a Magistrate Judge should be overruled only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id.

## II.

The first order to which the plaintiff objects, the June 15, 2026 Order, denied the plaintiff's motion for reconsideration of a prior order that limited the documents sought from Ms. Miller to the periods from April 1, 2020,

through September 30, 2020, and from January 1, 2024, through May 15, 2025.

To prevail on a motion for reconsideration, a movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009); Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000); see also Quinones v. N.Y.C. Legal Police Dep't, No. 14-cv-6253, 2014 WL 6907581, at *1 (S.D.N.Y. Dec. 6, 2014). The plaintiff has not identified any legal or factual issue, nor any controlling law, that the Magistrate Judge overlooked.

The plaintiff argues that the scope of discovery is broad, and that all of the documents he seeks are potentially relevant to Ms. Miller's homeowner exemption defense because the documents show that the property was being renovated for commercial purposes. But the scope of discovery is limited by the 2015 amendments to Federal Rule of Civil Procedure 26(b)(1) to material that is relevant and proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. In this case, the Magistrate Judge reasonably limited discovery to a period of time that surrounded the one instance where it was shown that Ms. Miller had rented

her property and to the time period surrounding the accident. That was certainly proportional to the needs of the case. The Magistrate Judge did not overlook any facts or controlling law; the plaintiff simply disagrees with the Magistrate Judge's conclusion. But that is not a basis for reconsideration. Becnel v. Deutsche Bank AG, 838 F. Supp. 2d 168, 171 n.1 (S.D.N.Y. 2011). The plaintiff's objections to the Magistrate Judge's June 15, 2026 Order are therefore **overruled**.

### III.

The second order to which the plaintiff objects, the June 30, 2026 Order, limited the scope of documents that the plaintiff sought from Adam Miller to the time period spanning from April 1, 2020, through September 30, 2020, and from January 1, 2024, through May 15, 2025. As discussed above, this limitation from the Magistrate Judge reasonably limited the discovery sought from Adam Miller to a period of time that surrounded the one instance where it was shown that Ms. Miller had rented her property and to the time period surrounding the plaintiff's accident.

There was nothing legally erroneous or contrary to law in that limitation. Instead, it was a reasonable limitation on discovery in line with Federal Rule of Civil Procedure 26(b)(1)'s requirement that discovery be relevant and proportional to the needs of the case. The plaintiff's objections to the Magistrate Judge's June 30, 2026 Order are therefore **overruled**.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the plaintiff's objections to the Magistrate Judge's June 15, 2026 and June 30, 2026 orders are **overruled**.

The Clerk is respectfully requested to close ECF Nos. 125 and 132.

**SO ORDERED.**

**Dated:** **New York, New York**
**August 10, 2026**

**John G. Koeltl**
**United States District Judge**